**Dismissed and Opinion filed October 14, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00779-CV

### JEFF OLLEY, Appellant

### V.

### HVM, L.L.C., IN ITS CAPACITY AS MANAGER OF THE HOTEL COMMONLY KNOWN AS THE EXTENDED STAY AMERICA - HOUSTON - KATY FREEWAY/ENERGY CORRIDOR, Appellee

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1033532**

## O P I N I O N

In fourteen issues, appellant Jeff Olley complains of his eviction from a room in the hotel Extended Stay America.[1]   Because Olley does not have an arguable right to possession, we dismiss this appeal as moot.   We further deny

---

[1] Throughout this opinion, we refer to appellee HVM, L.L.C., which is a party in its capacity as manager of the Extended Stay America hotel involved in this case, as "the hotel."

Olley's motion to amend his appellate brief as moot.

## *Background*

Olley checked into the hotel in May 2012 and stayed there with his wife and child. He stopped making payments as of April 23, 2013. On April 25, the hotel served Olley "and all other occupants" with a termination notice requiring them to vacate the hotel by May 2. When they failed to do so, the hotel served Olley with a notice to vacate and subsequently filed a forcible detainer lawsuit in justice court. The justice court awarded possession of the hotel room and money damages to the hotel. Olley appealed, and the county court at law conducted a de novo trial.

The trial court awarded possession of the hotel room and monetary damages to the hotel. The hotel moved for a temporary restraining order to restrain Olley from returning to the hotel based upon his aggressive behavior in the courtroom. The trial court granted the TRO and ordered the writ of possession to issue immediately.

A deputy constable executed the writ of possession the next day. Olley's wife was present and was allowed to retrieve the Olleys' possessions before she was escorted off the property.

## *Discussion*

In fourteen issues, Olley complains that the trial court erred in awarding possession of the premises to the hotel and issuing the temporary restraining order. He also complains that the trial court erred in (1) instructing the court reporter to go off the record; (2) not adopting Olley's proposed findings of fact and conclusions of law;[2] (3) excluding and admitting certain evidence; (4) conducting

---

[2] The trial court adopted the hotel's proposed findings of fact and conclusions of law. Olley filed a motion requesting to amend his appellate brief after the clerk's record was supplemented with the trial court's findings and conclusions.

ex parte communications in open court with the hotel; (5) refusing to recuse itself; (6) allowing the hotel to pay Olley's filing fees; and (7) not granting Olley's request for a jury trial. Because Olley no longer lives in the hotel room and does not have an arguable right to current possession, we dismiss this appeal as moot.

An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession.[3] *Id.* (citing Tex. Prop. Code § 24.008 (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profit")). Accordingly, the only issue in a forcible detainer action is the right to possession of the premises. *Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 582 (Tex. App.—Houston [14th Dist.] 2014, no pet.). An appeal in a forcible detainer action becomes moot when the appellant ceases to have actual possession of the property, unless the appellant has a potentially meritorious claim of right to current, actual possession. *See Marshall*, 198 S.W.3d at 787 (holding appeal in forcible detainer action was moot because lease had expired and tenant presented no basis for claiming a right to possession after the expiration date); *Geters*, 430 S.W.3d at 582. We lack jurisdiction to entertain moot controversies. *Geters*, 430 S.W.3d at 582.

A guest in a hotel is a mere licensee, not a tenant. *In re Corpus Christi*

---

[3] A forcible detainer action is cumulative, not exclusive, of other remedies. *Woodfork v. Bank of Am.*, No. 14-12-00927-CV, 2013 WL 5637751, at *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op.) (citing *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Thus, a forcible detainer suit in justice court may be brought concurrently with a proceeding in a different court even if the proceeding may result in a different outcome than the forcible detainer suit. *Id.*

3

*Hotel Partners, Ltd.*, 133 B.R. 850, 854 (Bankr. S.D. Tex. 1991); *Richardson v. Bigelow Mgmt., Inc.*, No. 05-06-00213-CV, 2007 WL 1139775, at *4 (Tex. App.—Dallas Apr. 18, 2007, no pet.). The general rule is that a tenant is vested with an estate in the property while a hotel guest is not. *Corpus Christi Hotel Partners, Ltd.*, 133 B.R. at 854. Accordingly, no landlord-tenant relationship exists between a hotel and its guest.[4] *Bertuca v. Martinez*, No. 04-04-00926-CV, 2006 WL 397904, at *2 (Tex. App.—San Antonio Feb. 22, 2006, no pet.) (mem. op.).

Citing Texas Tax Code section 156.101, Olley argues he was a permanent resident of the hotel and thus has a right to possess the hotel room. That section, an exception to imposition of the hotel occupancy tax, says that the state will not impose an occupancy tax on a person "who has the right to use or possess a room in a hotel for at least 30 consecutive days, so long as there is no interruption of payment for the period." Tex. Tax Code § 156.101. It addresses neither Olley's current right to use or possess the hotel room nor the relationship between Olley and the hotel. *See Warehouse Partners v. Gardner*, 910 S.W.2d 19, 23 (Tex. App.—Dallas 1995, writ denied) ("A 'permanent' residence is distinguishable from a temporary residence, such as a hotel or motel.").

Olley also points to a registration card from the hotel that he signed, contending it is a contract allowing him to stay in the hotel room. Although the registration card included an "arrival date" and a "departure date," it did not include language indicating that Olley was a tenant or otherwise had a right to

---

[4] We note that some sister courts have held that, without a landlord-tenant relationship, a justice court has no jurisdiction to enter judgment on a forcible detainer action. *See Rus-Ann Dev., Inc. v. ECGC, Inc.*, 222 S.W.3d 921, 925-26 (Tex. App.—Tyler 2007, no pet.). This court, however, has held that the relationship is not jurisdictional but is just one of the elements required by Texas Property Code section 24.002 to support a forcible detainer action. *Acad. Corp. v. Sunwest N.O.P., Inc.,* 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Olley does not complain about the trial court's conclusion of law that no landlord-tenant relationship existed.

possess the hotel room during those dates or currently has such a right. It merely included the rates for the room during that timeframe, noted that the reserved rate was guaranteed for only 60 days from check-in, and informed Olley that advance notice was required to extend his stay, subject to availability.

The registration card also included the following statements:

- "I . . . am aware that failure to adhere to Hotel's policies or to meet my . . . payment and other obligations based on the above-referenced terms will result, at a minimum, in the immediate termination of my . . . stay."

- "All room charges are due in advance."

- "I . . . am fully aware that my . . . rate is based on the length of my . . . stay, and understand that the rate may increase in the event I . . . depart earlier than the date noted above in the departure date."

The hotel's general manager testified that a guest may leave before the anticipated departure date on the registration card without incurring a penalty. We conclude that the registration card did not establish that Olley has a potentially meritorious claim of right to possession of the property.

Olley also argues that he has a right to possess the room because he offered to pay after he fell behind on payments. He contends the hotel rejected his offer.[5] Olley cites Texas Property Code section 92.019, which precludes a landlord from charging a late fee for failing to pay rent except under certain circumstances. Tex. Prop. Code § 92.019. But Olley's reliance on that Property Code section is misplaced because nothing in section 92.019 grants Olley current, actual possession of the hotel room. An innkeeper has no duty to keep a guest indefinitely. *Bertuca*, 2006 WL 397904, at *2.

---

[5] Olley also argues that the hotel had authorization to charge his credit card to cure the late payment, but failed to do so.

5

We conclude Olley has not shown an arguable right to possession of the hotel room he and his family previously occupied. It is undisputed that they already have been evicted from the hotel. Accordingly, no justiciable controversy exists, and the appeal is moot. We must dismiss this appeal because we lack jurisdiction.[6] *See Marshall*, 198 S.W.3d at 790.

We overrule Olley's issues on appeal. We deny Olley's request to amend his appellate brief as moot. We dismiss this appeal as moot.


/s/     Martha Hill Jamison
        Justice


Panel consists of Justices Boyce, Jamison, and Donovan.

---

[6] We note that the trial court awarded to the hotel possession of the hotel room as well as monetary damages for rent during the time the Olleys occupied the hotel room. Although Olley asks us to render a take nothing judgment against the hotel, he does not argue on appeal that the trial court erroneously awarded damages to the hotel. Thus, we need not address that issue. Olley also complains that the trial court signed a temporary restraining order preventing him from returning to the hotel to retrieve his belongings. However, Ms. Olley was allowed to enter the hotel room and gather the Olleys' personal belongings. The constable noted that "only property that was damaged or trash was left." Moreover, this appeal is limited to the trial court's judgment awarding possession of the property to the hotel and the trial court's temporary restraining order. The Olleys cannot bring any complaints against the hotel for its post-judgment actions in this appeal. *See Marshall*, 198 S.W.3d at 788 (noting damages sought for fair market value of lost leasehold interest "did not arise until after . . . county court appeal was complete"). Olley further complains that the trial court did not allow him to assert counterclaims against the hotel. We note that counterclaims are not permitted in eviction cases because the only issue is the right to actual possession of the subject property. Tex. R. Civ. P. 510.3(e). Such claims may be brought in a separate suit in a court of proper jurisdiction. *Id*.