**Affirmed and Memorandum Opinion filed March 26, 2019.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-17-00864-CV

**ROBERT BURTON, Appellant**

**V.**

**LEAWOOD HOMEOWNERS ASSOCIATION, LLP, AND INDEPENDENT MANAGEMENT & INVESTMENTS, LLC, Appellees**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1070467**

## M E M O R A N D U M   O P I N I O N

Robert Burton intervened in the de novo appeal of this forcible detainer action and asserted claims against Leawood Homeowners Association, LLP and Independent Management & Investment, LLC (collectively, Leawood). The county civil court at law dismissed Burton's claims for lack of subject matter jurisdiction.

We affirm.[1]

The forcible detainer action was originally brought in justice court by Leawood against Shannon Havard, who is not a party to this appeal.[2] After Burton filed his petition in intervention, Leawood moved to dismiss his claims. The county court granted the motion. Burton thereafter filed an amended petition, alleging additional tort claims against Leawood, including a claim under Rule of Civil Procedure 13 for filing a frivolous lawsuit.[3] Tex. R. Civ. P. 13. Leawood again moved to dismiss Burton's claims. The county court dismissed them for lack of jurisdiction and rendered final judgment. On appeal, Burton contends in three issues that the county court erred in (1) dismissing his claims for lack of jurisdiction, (2) failing to award him sanctions under Rule 13, and (3) failing to award him prejudgment interest.

---

[1] In his petition in intervention, Burton listed Leawood's attorney as "[n]on-[p]arty Wayman Prince." Burton sought damages against Prince and Leawood. On appeal, Burton argues that Prince is a party to this appeal, but the notice of appeal does not reference Prince. Because we conclude the trial court did not err in dismissing all of Burton's claims for lack of subject matter jurisdiction, we need not decide whether Prince was properly joined as a party in the county court or is an appellee. Burton asked this court to render judgment against Prince for his failure to file an appellee's brief. Burton has not cited any authority that would allow this court to do so. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("It is not this court's duty to review the record, research the law, and then fashion a legal argument for appellant when she has failed to do so."); Tex. R. App. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

[2] Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court at law for trial de novo. *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 173 n.3 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

[3] In addition to the claim under Rule 13, Burton brought claims for various torts and for violations of (1) section 12.002 of the Civil Practice and Remedies Code, which creates a private cause of action against a person who makes, presents, or uses "a document or other record with . . . knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property," (2) the Texas Deceptive Trade Practices Act, and (3) the Texas Penal Code.

In his first issue, Burton argues that the county court should have denied Leawood's motion to dismiss on the grounds of waiver, laches, or quasi-estoppel. Leawood argues that the county court was required to dismiss the claims because it lacked subject matter jurisdiction over Burton's claims. We agree with Leawood.

An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession.[4] *Marshall*, 198 S.W.3d at 787 (citing Tex. Prop. Code § 24.008 (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profit")); *Olley*, 449 S.W.3d at 575. Accordingly, the only issue in a forcible detainer action is the right to possession of the premises. *Olley*, 449 S.W.3d at 575. Thus, justice and county courts at law lack subject matter jurisdiction over claims brought in a forcible detainer action that do not involve the right to possession. *See Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.). The parties cannot waive subject matter jurisdiction. *See id.*

Our sister court held that a county court at law lacked jurisdiction over counterclaims and third-party claims filed in the de novo appeal of a forcible detainer action. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 435 (Tex.

---

[4] A forcible detainer action is cumulative, not exclusive, of other remedies. *Olley*, 449 S.W.3d at 575 n.3. Thus, a forcible detainer suit in justice court may be brought concurrently with a proceeding in a different court even if the other proceeding may result in a different outcome than the forcible detainer suit. *Id.*

App.—Houston [1st Dist.] 2007, no pet.). In reaching this conclusion, the court reasoned that the county court at law lacked subject matter jurisdiction over the counterclaims and third-party claims, raised for the first time on appeal, because the court was exercising its appellate jurisdiction over the forcible detainer action filed in the justice court and its review therefore was limited to the claims that could be brought in the justice court. *Id.* The counterclaims and third-party claims could not be brought in the forcible detainer action because they did not concern the right to immediate possession and the claimant was not seeking damages "suffered for withholding or defending possession of the premises during the pendency of the appeal."[5] *Id.* at 435–36. Similarly, here, Burton's claims do not fall into one of these categories. Thus, the county court could not exercise jurisdiction over the claims. *See id.*

Burton argues that Leawood waived its right to object to the county court's lack of jurisdiction. According to Burton, this case is akin to a party's failure to object when a trial court proceeds after the imposition of certain bankruptcy stays. The supreme court has held that such failure waives error. *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex. 2011); *see also Escalante v. Rowan*, 251 S.W.3d 720, 724–25 (Tex. App.—Houston [14th Dist.] 2008) ("[T]he failure to object based on this stay waives any error that the trial court may have committed by failing to stay the proceedings during the pendency of the interlocutory appeal."), *rev'd on other grounds*, 332 S.W.3d 365 (Tex. 2011). In so concluding, the high court noted that such a stay "differs from a situation in which the relevant statute vests 'exclusive jurisdiction' in a particular forum." *Roccaforte*, 341 S.W.3d at

---

[5] *See* Tex. R. Civ. P. 510.11 (providing that damages permitted on appeal from a forcible detainer action are those "suffered for withholding or defending possession of the premises during the pendency of the appeal," which may include but are not limited "to loss of rentals during the pendency of the appeal and [certain] attorney fees in the justice and county courts").

923. Here, as discussed, in a forcible detainer action, the justice court is vested with jurisdiction only to determine the right to possession. Accordingly, these facts are distinguishable from the facts in *Roccaforte*.[6]

We conclude that Leawood did not waive its right to object to the county court's jurisdiction over Burton's claims.[7] We further conclude that the county court lacked subject matter jurisdiction and thus was required to dismiss Burton's claims.

We overrule Burton's first issue and do not reach the merits of Burton's second and third issues complaining of the trial court's failure to award Rule 13 sanctions and prejudgment interest, as the trial court lacked jurisdiction over Burton's claims. We affirm the judgment of the trial court.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Christopher, Bourliot, and Spain.

---

[6] Another distinguishing factor is that Leawood filed motions to dismiss Burton's claims for lack of jurisdiction in the trial court and thus did not fail to object to the court's lack of jurisdiction.

[7] Burton argues in his reply brief that appellees waived their arguments on appeal by failing to raise them in the trial court. Because subject matter jurisdiction cannot be waived, this argument is without merit.