**DISMISSED; Opinion Filed June 7, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01191-CV

**JULIE JONES, Appellant**
**V.**
**DAN WILLEMS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-04952-E**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

This is an appeal from a judgment of possession in a forcible detainer suit. Because a review of the clerk's record revealed a writ of possession had been served on appellant, it appeared appellant was no longer in possession of the premises and the appeal had become moot. *See Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (generally, appeal in forcible detainer action becomes moot when appellant is no longer in possession of premises). We questioned our jurisdiction over the appeal and directed appellant to file a letter brief addressing our concern. *See id.* (appellate courts lack jurisdiction over moot controversies). Although we cautioned appellant that failure to comply could result in dismissal of the appeal without further notice, more than a month has passed and appellant has not responded. *See* Tex. R. App. P. 42.3(a),(c).

When, as here, an appeal has become moot, an appellate court must vacate the trial court's judgment and dismiss the case. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). Accordingly, we vacate the trial court's judgment of possession and dismiss the case. *See id.*

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

181191F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JULIE JONES, Appellant

No. 05-18-01191-CV      V.

DAN WILLEMS, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-04952-E.
Opinion delivered by Justice Nowell,
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's judgment and **DISMSS** the case.

Judgment entered this 7th day of June, 2019.