**VACATE and DISMISS; and Opinion Filed August 30, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-19-00749-CV

---

### CRYSTAL BROOKS, Appellant
### V.
### THE HOUSING AUTHORITY OF THE CITY OF DALLAS, TEXAS - KINGBRIDGE CROSSING, Appellee

---

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-01606-C**

---

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

This is an appeal from a judgment of possession in a forcible detainer suit. Because a review of the clerk's record revealed a writ of possession had been served on appellant, it appeared appellant was no longer in possession of the premises and the appeal had become moot. *See Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (generally, appeal in forcible detainer action becomes moot when appellant is no longer in possession of premises).

We questioned our jurisdiction over the appeal and directed appellant to file, by August 19, 2019, a letter brief addressing our concern and cautioned her that failure to comply could result in dismissal of the appeal without further notice. As of today's date, appellant has not complied.

When, as here, an appeal has become moot, an appellate court must vacate the trial court's judgment and dismiss the case. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). Accordingly, we vacate the trial court's judgment of possession and dismiss the case. *See id.*

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190749F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CRYSTAL BROOKS, Appellant

No. 05-19-00749-CV     V.

THE HOUSING AUTHORITY OF THE
CITY OF DALLAS, TEXAS-
KINGBRIDGE CROSSING, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-19-01606-C.
Opinion delivered by Justice Schenck.
Justices Osborne and Reichek participating.

      In accordance with this Court's opinion of this date, we **VACATE** the trial court's judgment and **DISMISS** the case.

Judgment entered this 30th day of August, 2019.