**DISMISS and Opinion Filed May 4, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-01010-CV

### SHAWN TREMBLAY, Appellant
### V.
### SIMMONS BANK, TRUSTEE OF THE RENEE LYNN TREBLAY TRUST UNDER AGREEMENT DATED 2/3/2011, Appellee

**On Appeal from the County Court at Law No. 1**
**Hunt County, Texas**
**Trial Court Cause No. CC2100383**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

Appellant appeals from the trial court's judgment of possession in a forcible detainer action. After reviewing the clerk's record, we questioned our jurisdiction and whether the appeal is now moot because a writ of possession has been executed and appellant is no longer in possession of the property. *See Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (appellate court lacks jurisdiction to consider moot controversies); *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001) (case becomes moot if, at any stage of proceedings, a

controversy ceases to exist between parties).  We directed appellant to file a letter brief addressing our concern.

The only issue in a forcible detainer case is the right to actual possession of property.  *See Marshall v. Housing Auth'y of City of San Antonio,* 198 S.W.3d 782, 787 (Tex. 2006) (citing former Texas Rule of Civil Procedure 746, now Texas Rule of Civil Procedure 510.3(e)).  When a writ of possession has been executed following the filing of an appeal and possession is no longer an issue, the appeal in a forcible detainer case becomes moot and the appellate court lacks jurisdiction unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or damages or attorney's fees remain at issue.  *See Daftary v. Prestonwood Mkt. Square, Ltd.,* 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied).

Although appellant filed a letter brief, nothing therein demonstrates the appeal is not moot.  We dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

211010F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHAWN TREMBLAY, Appellant

No. 05-21-01010-CV      V.

SIMMONS BANK, TRUSTEE OF
THE RENEE LYNN TREMBLAY
TRUST UNDER AGREEMENT
DATED 2/3/2011, Appellee

On Appeal from the County Court at
Law No. 1, Hunt County, Texas
Trial Court Cause No. CC2100383.
Opinion delivered by Chief Justice
Burns. Justices Molberg and
Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED**.

Judgment entered May 4, 2022