**VACATE and DISMISS and Opinion Filed November 17, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00703-CV

**JOHNATHAN FISHER, Appellant**
**V.**
**BUDGET SUITES OF AMERICA, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-02407-E**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Garcia
Opinion by Justice Garcia

This appeal follows the trial court's judgment in a forcible detainer suit awarding Budget Suites of America exclusive and immediate possession of a room appellant occupied at the extended-stay. Asserting the appeal has become moot because appellant was served with a writ of possession and has been removed from the room, Budget Suites has filed a motion to dismiss for want of jurisdiction.

It is well-settled that a court lacks jurisdiction to consider a case that has become moot. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A case becomes moot if a controversy ceases to exist between the parties. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). If a case

becomes moot on appeal, an appellate court must set aside the trial court's judgment and dismiss the case. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 790 (Tex. 2006).

A forcible detainer action is a procedure to determine which party has the right to immediate possession of the property. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). If a tenant appeals from a judgment awarding possession to the landlord but fails to supersede the judgment and is no longer in possession of the property, the appeal is moot unless the tenant asserts a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 786-87; *Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Budget Suites's motion has been on file for more than ten days, and appellant has not filed a response or otherwise contested the assertion that he has been evicted or argued a claim of right to current, actual possession of the room. Accordingly, we grant the motion, vacate the trial court's judgment, and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 790.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220703F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHNATHAN FISHER, Appellant

No. 05-22-00703-CV      V.

BUDGET SUITES OF AMERICA, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-22-02407-E.
Opinion delivered by Justice Garcia, Chief Justice Burns and Justice Pedersen, III participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's July 28, 2022 judgment and **DISMISS** the case as moot.

Judgment entered this 17th day of November 2022.