

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-22-00170-CV**

**GWEN HURT,**

                                          **Appellant**

 **v.**

**HERITAGE ESTATES OF HUNTSVILLE,**

                                          **Appellee**

---

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 13998CV**

---

**MEMORANDUM OPINION**

---

Gwen Hurt appeals the trial court's judgment awarding possession of an apartment to Heritage Estates of Huntsville. Because Hurt does not hold and assert a potentially meritorious claim of right to current, actual possession of the apartment, her appeal is moot and is dismissed.

**BACKGROUND**

Hurt leased an apartment from Heritage. Her lease term expired in March of 2022. In January of 2022, Heritage informed Hurt that her lease would be terminated at the end

of the lease term.  When Hurt did not timely vacate the apartment, Heritage issued a notice to vacate and then filed a petition for eviction in the justice court.  After the justice court awarded possession of the apartment to Heritage, Hurt appealed to the county court at law for a trial de novo.  After a trial to the court, the county court at law awarded possession of the apartment to Heritage and set an amount for a supersedeas bond.  Hurt timely appealed before the time period to pay the supersedeas bond expired but did not ultimately pay the supersedeas bond.  When Hurt did not vacate the apartment and did not pay the supersedeas bond, Heritage requested a writ of possession.  A writ of possession was issued which evicted Hurt from the apartment.

## LAW

In Texas, the procedure to determine the right of possession of real property, if there was no unlawful entry, as in this case, is the action of forcible detainer.  *See* TEX. PROP. CODE § 24.002.  A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.  *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 787 (Tex. 2006).  Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession.  *Id.*; s*ee* TEX. PROP. CODE § 24.008 ("An eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits.").

Usually, when a judgment debtor voluntarily satisfies the judgment, the case becomes moot and the debtor waives any right to appeal.  *Marshall*, 198 S.W.3d at 787.  However, "payment" of a judgment, such as vacating the property, will not moot an

appeal from that judgment if the judgment debtor timely and clearly expresses an intent to exercise the right of appeal and if appellate relief is not futile; that is, so long as the judgment debtor holds and asserts a potentially meritorious claim of a right to current, actual possession of the leased premises. *See id.*

Hurt timely and clearly expressed an intent to appeal prior to being evicted pursuant to a writ of possession. Thus, the question in this case becomes whether she held and asserted potentially meritorious claims of a right to current, actual possession of her apartment.

**MOTION TO DISMISS**

Heritage claims in a motion to dismiss that Hurt's appeal is moot based on the law expressed in *Marshall v. Hous. Auth.* and *Olley v. HVM, L.L.C.,* 449 S.W.3d 572 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). But in *Marshall* and *Olley,* both courts reviewed whether the appellants had potentially meritorious claims of a right to current, actual possession before determining the appeals were moot. In *Marshall*, when reviewing whether the appellant had a potentially meritorious claim of a right to current, actual possession, the Texas Supreme Court determined the appeal was moot since the appellant vacated her apartment before her lease expired, and the appellant presented no basis for claiming a right to possession after that date. In *Olley*, the appeal was dismissed as moot after the court determined that the hotel guest's arguments did not present an arguable right to possession after a hotel was awarded possession of a hotel room and the guests were soon thereafter dispossessed by a writ of possession. Heritage, however, fails to discuss whether Hurt's claims on appeal were potentially meritorious claims of a

right to current, actual possession. We must review those claims before determining whether or not the appeal is moot.

**APPLICATION**

Hurt argues we should reinstate her right to lease the apartment and gives many reasons why we should do so. Those reasons are grouped into two categories: no just cause to terminate the lease, and retaliation. Both of these categories, and the reasons within these categories, relate to whether Heritage's decision to terminate the lease at the end of Hurt's lease term was wrongful, not whether she has a current right to possession. Accordingly, Hurt has failed to assert a potentially meritorious claim of a right to current, actual possession of the apartment she rented, and thus, her appeal is moot.

**CONCLUSION**

For reasons different than expressed in Heritage's motion to dismiss, we find the appeal is moot, and we dismiss it for want of jurisdiction. Heritage's Appellee's Motion to Dismiss Appeal is likewise dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Motion dismissed
Appeal dismissed
Opinion delivered and filed March 8, 2023
[CV06]

