**Motion Granted; Dismissed and Memorandum Opinion filed May 25, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00820-CV

### ANGELA CAO, Appellant

### V.

### MTGLQ INVESTORS, L.P., Appellee

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1188190**

### MEMORANDUM OPINION

In this forcible detainer action, appellee has moved to dismiss the appeal for lack of jurisdiction on the ground that the appeal has become moot. Appellant filed a response to the motion to dismiss.

An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Judgment in a forcible detainer case is not intended to be a final determination of

whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Id.* (citing Tex. Prop. Code Ann. § 24.008)). The only issue in a forcible detainer action is the right to possession of the property. *Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

The question in a mootness analysis in a forcible detainer action is not whether the appellant has moved off the premises, but whether she asserted a potentially meritorious claim for current possession. *Compare Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (potentially meritorious claim for current possession asserted, so appeal was not moot), and *Geters v. Baytown Housing Authority*, 430 S.W.3d 578, 582-83 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same) *with Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812-13 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (no potentially meritorious claim for current possession asserted, so appeal was moot).

Here, appellant asserts that she raises two issues meeting this standard: (1) the trial court's judgment is not final because it did not dispose of her "statute of limitations counterclaim," and (2) the trial court "failed to produce findings and conclusions." But these issues do not constitute potentially meritorious claims for current possession of the premises.

With respect to appellant's first issue, counterclaims are not permitted in eviction cases. *See* Tex. R. Civ. P. 510.3; *see also, e.g.*, *Burton v. Leawood Homeowners Ass'n, LLP*, No. 14-17-00864-CV, 2019 WL 13339318, at *2 (Tex. App.—Houston [14th Dist.] Mar. 26, 2019, no pet.) (mem. op.) (concluding the county court could not exercise jurisdiction over the appellee's counterclaims in a forcible detainer case). Moreover, the trial court signed its final judgment after a

2

bench trial and the judgment expressly states that it "disposes of all parties and all claims and is a final and appealable judgment." *See C. Chambers Enters., Inc. v. 6250 Westpark, LP*, No. 14-02-00808-CV, 2002 WL 31835459, at *1 (Tex. App.—Houston [14th Dist.] Dec. 19, 2002, pet. denied) (mem. op.) (rejecting the appellants' contention that the judgment was not final because it did not expressly address their counterclaim, we noted that "the judgment followed a jury trial on the merits and contain[ed] a 'Mother Hubbard' clause"). Therefore, the judgment is presumed to be final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001).

As to Appellant's second issue, the trial court's failure to issue findings of fact and conclusions of law does not preclude an appeal from a forcible detainer action from being dismissed as moot. *See, e.g.*, *Tehuti v. Ha To Tu*, No. 02-17-00440-CV, 2019 WL 1186791, at *2 (Tex. App.—Fort Worth Mar. 14, 2019, pet. dism'd w.o.j.) (mem. op.) ("the trial court's failure to make findings and conclusions does not confer on [appellant] a legal or possessory interest in the property").

Accordingly, Appellant failed to assert a potentially meritorious claim for current possession of the property. *See Olley*, 449 S.W.3d at 575. Therefore, the appeal is moot.

We grant appellee's motion to dismiss and dismiss the appeal for mootness.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.