**VACATE and DISMISS and Opinion Filed August 16, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00450-CV**

**WILLIAM RICHMOND, Appellant**

**V.**

**FOREST GREEN MANOR, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-01665-C**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Garcia

This is an appeal from a judgment of possession in a forcible detainer suit.

The judgment was not superseded, and a writ of possession was served on appellant.

Appellee subsequently filed a motion to dismiss the appeal, supported by affidavit,

asserting that the appeal has become moot because appellant is no longer in

possession of the property. *See Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex.

App.—Houston [14th Dist.] 2014, pet. denied) (generally, appeal in forcible detainer

action becomes moot when appellant is no longer in possession of premises).

*Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (case becomes moot if, at any stage of proceedings, a controversy ceases to exist between parties).

The only issue in a forcible detainer case is the right to actual possession of property. *See Marshall v. Housing Auth'y of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). When a writ of possession has been executed following the filing of an appeal and possession is no longer an issue, the appeal in a forcible detainer case becomes moot and the appellate court lacks jurisdiction unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or damages or attorney's fees remain at issue. *See Daftary v. Prestonwood Mkt. Square, Ltd*., 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied).

Although appellant has had more than ten days to respond to appellee's motion, he has not done so. *See* TEX. R. APP. P. 42.3(a), (c). Accordingly, it appears on the record before us that appellant is no longer in possession of the premises and nothing before us shows appellant has a potentially meritorious claim of right to current, actual possession.

When an appeal has become moot, an appellate court must vacate the trial court's judgment and dismiss the case. *See Marshall*, 198 S.W.3d at 785.

Accordingly, we vacate the trial court's judgment of possession and dismiss the case. *See id.*

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220450F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM RICHMOND, Appellant

No. 05-22-00450-CV          V.

FOREST GREEN MANOR,
Appellee

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-22-01665-
C.

Opinion delivered by Justice Garcia.
Justices Goldstein and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **VACATED** and the case is **DISMISSED.**

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 16, 2023