**DISMISS and Opinion Filed November 9, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-23-00248-CV**

**COAST CYCLE, LLC, Appellant**
**V.**
**DW OAK LAWN, LLC, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-13539**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Goldstein
Opinion by Chief Justice Burns

Coast Cycle, LLC appeals from an order dissolving a temporary injunction.

Asserting we lack jurisdiction over the appeal, DW Oak Lawn, LLC has filed a

motion to dismiss the appeal. For reasons stated below, we agree we lack

jurisdiction, grant the motion, and dismiss the appeal.

### Background

Coast Cycle leased premises for its cycling studio from DW Oak Lawn.

After DW Oak Lawn sent Coast Cycle a default notice related to the volume of the

music played during its cycling classes and requesting that it vacate the premises,

Coast Cycle filed a petition asserting several causes of action and an application for temporary and permanent injunctions to prohibit DW Oak Lawn from locking it out of the premises or in any way defaulting it under the lease for emitting music at levels reasonably similar to any other indoor cycling studio. After initially granting a temporary injunction on December 14, 2022, the trial court, on February 23, 2023, dismissed Coast Cycle's application for injunctive relief and dissolved the temporary injunction. Coast Cycle appealed.

On March 10, 2023, DW Oak Lawn locked Coast Cycle out of the premises.[1] DW Oak Lawn then terminated Coast Cycle's lease and entered into a lease for the premises with a new tenant.

**The Law**

The purpose of a temporary injunction is to maintain the status quo. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An appeal regarding a temporary injunction becomes moot when the status quo can no longer be maintained. *See Las Palmas Plaza, Inc. v. City of Port Isabel*, 665 S.W.2d 855, 855–56 (Tex. App.—Corpus Christi 1984, no writ) (appeal challenging denial of application for temporary injunction to prevent construction of wall moot where wall had been constructed). Appellate courts lack jurisdiction to decide moot

---

[1] Coast Cycle challenged the lockout in justice court and obtained a writ of re-entry. DW Oak Lawn obtained an order dissolving the writ of re-entry. That ruling is currently on de novo review in county court.

controversies. *See Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

**Discussion**

Coast Cycle appeals the trial court's interlocutory order dissolving a temporary injunction that prohibited DW Oak Lawn from locking it out of the leased premises. As noted above, DW Oak Lawn subsequently locked Coast Cycle out of the premises, terminated the lease, and entered into a lease for the premises with a new tenant. Any reversal of the trial court's order dissolving the temporary injunction would have no effect because the action sought to be enjoined has already occurred.

We conclude this appeal is moot, grant appellee's motion, and dismiss the appeal and all pending motions. *See* TEX. R. APP. P. 42.3(a); *Olley*, 449 S.W.3d at 575.

/Robert D. Burns, III/

ROBERT D. BURNS, III

230248F.P05                    CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

COAST CYCLE, LLC, Appellant

No. 05-23-00248-CV     V.

DW OAK LAWN, LLC, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-13539. Opinion delivered by Chief Justice Burns. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee DW OAK LAWN, LLC recover its costs of this appeal from appellant COAST CYCLE, LLC.

Judgment entered November 9, 2023