**Motion to dismiss granted, Appeal Dismissed, and Memorandum Opinion filed March 21, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00935-CV

---

### MENGISTU TAYE, Appellant

### V.

### 3000 SAGE APARTMENTS, Appellee

---

### On Appeal from the County Civil Court at Law No. 1
### Harris County, Texas
### Trial Court Cause No. 1212637

---

### MEMORANDUM OPINION

Appellee has filed a motion to dismiss this appeal contending that the appeal is moot. Appellant has filed a response to the motion opposing dismissal. After considering the parties' filings, we grant the motion and dismiss the appeal.

The parties' litigation began with appellee filing a forcible detainer petition in justice court with respect to an apartment lease. Appellee requested that the justice court award possession of the disputed property to appellee and award appellee

monetary relief, including unpaid rent. On August 9, 2023, the justice court signed a judgment awarding possession to appellee and awarding various monetary relief to appellee. Appellant appealed that judgment to the county court. *See* Tex. Civ. Prac. & Rem. Ann. § 51.001. On November 9, 2023, the county court signed a judgment awarding possession of the property to appellee, and further awarding appellee its costs of court and post-judgment interest along with the deposit appellant had previously provided to appeal the justice court's judgment. The judgment, however, did not award any further monetary relief to appellee. This appeal followed from the county court's judgment. Appellant did not post a supersedeas bond and thus, while this appeal was pending, a writ of possession was executed and possession of the property was returned to appellee.

Texas courts of appeals lack jurisdiction to decide moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Appeals from forcible detainer actions ordinarily become moot "when the appellant ceases to have actual possession of the property, unless the appellant has a potentially meritorious claim of right to current, actual possession." *Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). It is undisputed that appellant no longer has possession of the disputed apartment, and appellant has not pointed to any basis by which he might have a claim of right to possession of the apartment. Although appellant has pointed to various alleged bases by which his subsequent eviction from the disputed apartment was harmful, that is not a basis for making an appeal from a judgment in a forceable detainer action. *See id.* ("Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession."). Moreover, although appellant contests the justice court erroneously included unpaid rent in its judgment, any error in that regard was

nullified when he appealed the justice court's judgment to the county court. *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court."). Since the county court did not include an award of unpaid rent in its judgment, any alleged error by the justice court does not create a controversy regarding the county court's judgment over which this court could exercise jurisdiction.

As there is no indication any live controversy remains between the parties over which this court could properly exercise jurisdiction, we grant appellee's motion to dismiss and dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.