**JUDGMENT VACATED and CASE DISMISSED and Opinion Filed April 3, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00940-CV**

**IKECHUKWU H. OKORIE AND VIVIAN N. OKORIE, Appellants**
**V.**
**MDREZAUL CHOWDHURY, Appellee**

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-02259-2023**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

This is an appeal from the trial court's judgment and order of possession in a forcible detainer lawsuit. Asserting that the appeal is moot because appellants have vacated the property, appellee has filed a motion to dismiss the appeal.

The only issue in a forcible detainer suit is the right to immediate possession of the premises. *See Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Unless an appellant has a potentially meritorious claim of right to current, actual possession, the issue of possession and the case become moot when the appellant is no longer in possession of the

premises. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787, 790 (Tex. 2006). A judgment of possession in such an action is not a final determination as to whether the eviction is wrongful, but merely a determination of the right to immediate possession. *See id* at 787. When a party is no longer in possession of the property and cannot demonstrate a meritorious claim of right to current, actual possession, the case is moot and the reviewing court must vacate the judgment and dismiss the case. *See id.* at 788.

The record before the Court shows that appellants' lease for the property has expired. In their response to appellee's motion, appellants assert the appeal is not moot because we have not considered their claim that appellee breached the contract terms. However, we do not address the merits where, as here, appellants have not demonstrated that they have a meritorious claim of right to current, actual possession. *See id* at 787.     !

Appellants also assert the appeal is not moot because the collateral consequences exception to the mootness doctrine applies. In order to invoke the collateral consequences exception, appellants must show both that a concrete disadvantage resulted from the judgment and that the disadvantage will persist even if the judgment is vacated and the case dismissed as moot. *See id*. at 789. Appellants assert they "suffered adverse consequences as a result of [appellee's] conduct" because they incurred repair and maintenance costs of the premises. The trial court's judgment addressed only possession of the property. Because the

judgment did not address any alleged repair-related damages, any such disadvantage did not result from the judgment. *See id*. (concrete disadvantage must result from judgment). Accordingly, we conclude the collateral consequences exception to the mootness doctrine does not apply.

Because appellants have not demonstrated the appeal is not moot, we grant appellee's motion to the extent that we vacate the trial court's September 15, 2023 judgment and dismiss the case. *See* TEX. R. APP. P. 42.3(a); *Marshall*, 198 S.W.3d at 790. ⸗

⸗

/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

230940F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IKECHUKWU H. OKORIE AND
VIVIAN N. OKORIE, Appellants

No. 05-23-00940-CV     V.

MDREZAUL CHOWDHURY,
Appellee

On Appeal from the County Court at
Law No. 3, Collin County, Texas
Trial Court Cause No. 003-02259-
2023.
Opinion delivered by Chief Justice
Burns. Justices Molberg and Goldstein
participating.

In accordance with this Court's opinion of this date, the trial court's September 15, 2023 judgment and order of possession is **VACATED** and this case is **DISMISSED**.

It is **ORDERED** that appellee MDREZAUL CHOWDHURY recover his costs of this appeal from appellants IKECHUKWU H. OKORIE and VIVIAN N. OKORIE and the cash deposit. After all of the costs have been paid, the trial court clerk is **ORDERED** to release the balance, if any, of the cash deposit to appellants.

Judgment entered April 3, 2024